**MOORE et al. v. SCHOOL DIST. NO. 23, STEPHENS CO.**

No. 14544—Opinion Filed Dec. 11, 1923.

1. **Appeal and Error — Reserving Error — Tender of Proof.**

Where a tender of proof is dictated into the record, most of which is irrelevant and immaterial, and no question is asked which would direct the court's attention to the relevant and material portion of such tender, error cannot be predicated upon the ruling of the court sustaining an objection to such tendered testimony.

2. **Sufficiency of Evidence.**

Record examined, and held, the judgment is clearly supported by the evidence.

(Syllabus by Ray, C.)

Commissioners' Opinion, Division No. 1.

Error from District Court, Stephens County; M. W. Pugh, Judge.

Action by E. W. Moore et al. against School District No. 23, Stephens County. Judgment for defendant denying an injunction, and plaintiffs bring error. Affirmed.

Sitton & Anderson, for plaintiffs in error.

Sandlin & Winans, for defendant in error.

Opinion by RAY, C. This suit is by a number of nonresident taxpayers of school district No. 23, Stephens county, to enjoin the sale of bonds voted in that district for the construction of a school building. The only grounds alleged in the petition for an injunction are contained in the third paragraph, as follows:

"Plaintiffs further allege that said election was not called or held as required by law, that no notice of said election was posted ten days prior to said election, that some of the officers holding said election did not qualify as required by law and did not take any oath of office whatsoever; and that the amount voted exceeded the constitutional limitations of five per cent. of the assessed valuation."

The only evidence adduced by the plaintiffs at the trial was to the effect that the school building tax levy required to pay the bonds would take the net income from their farms and that, in their judgment, the building was not needed. The defense introduced the record of the school board which showed there were 78 qualified voters in the district; that the election was called on a petition of 39 qualified voters; that the notice of the election was posted ten full days before the election; that 33 votes were cast at the election, 27 being for the bonds and 6 against the bonds. There was no evidence offered, nor any contention made here, that there were more than 78 qualified voters living in the district, or that any of the signers of the petition were not qualified voters, or that there was an illegal vote cast at the election. There was no attempt to prove that the voters in the district, or any of them, did not have full notice of the time, place, and purpose of the election. There is no contention made here that the indebtedness created by the bonds was in excess of that allowed by law. The evidence shows the valuation to be $217,000 and the bonds voted in the sum of $10,000. No defect in the proceedings of the officers of the school district which could, in any way, invalidate the election, has been pointed out to us and we have been unable to find such. After defendant had closed its case attorney for plaintiffs dictated the following statement into the record:

"Mr. Sitton: The plaintiffs offer to prove by the witness H. B. Salmon, clerk of the school board, that he is not a land owner in the district and has no property in the district subject to taxation; that most of the taxpayers in the district No. 23, live in the town of Comanche, Okla., and that more than 30 to 50 per cent. of the votes cast in the election is what is known as 'floating tenant farmers' and not taxpayers, and will not be in the district next year for the reason that notices have already been served upon them to vacate the premises and that a conspiracy has been formed by the tenants against the taxpayers of the district to boycott the town of Comanche and do all their trading at Temple and Addington, Okla., and that since the institution of this suit to further carry out their annoying tactics against the taxpayers they have called another election to vote the sum of $850, the same being the limit of the district estimated on the valuation of $217,000; that there is no necessity therefor but voted merely for spite against the taxpayers of said district; that after

said Absher had posted said notices calling for an election of $10,000 bond issue, he was immediately followed up by the board and they were torn down in order that the tax payers therein might not know of the election. To the introduction of which the defendant objects and the objections are by the court sustained and to which the plaintiffs except."

No question was asked the witness which would direct the court's attention to any material evidence sought to be elicited. The statement as a whole was clearly inadmissible. The only material matter contained in the statement was as to the action of the board in removing the notices. We think that in the absence of some question asked the witness directing attention to the particular relevant and material matter sought to be proved, error cannot be predicated on its exclusion.

There is no merit in this appeal, and the judgment of the trial court denying the injunction should be affirmed.

By the Court: It is so ordered.